**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JEFFREY A. CHESAK,**

        **Plaintiff,**

**-vs-**                                                 **Case No. 6:06-cv-1491-Orl-31DAB**

**ORANGE COUNTY GOVERNMENT,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL DEFENDANT TO RELEASE PRIVILEGE LOG DOCUMENT (Doc. No. 21)** |
| **FILED:** | **March 6, 2007** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. ||
| **MOTION:** | **MOTION TO COMPEL DEFENDANT TO RESPOND TO INTERROGATORY (Doc. No. 22)** |
| **FILED:** | **March 6, 2007** |
| **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice as moot. ||

Plaintiff Jeffrey Chesak sued Defendant Orange County (the County) for disability discrimination. Plaintiff seeks to compel a document the County contends is privileged – an "Electronic Memo from Rita Brothers to Matt McGrew dated February 8, 2006 and bates stamp

numbered 1316-1317" (the "Memo").  Doc. No. 21.  Plaintiff also seeks to compel the County's response to Interrogatory No. 4, which asked the County to describe "the essential functions of Plaintiff's job."

Under the Federal Rules of Civil Procedure, a party is entitled to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. FED.R.CIV.P. 26(b)(1). However, a party may obtain discovery of documents prepared in anticipation of litigation by another party "only upon a showing that the party seeking discovery has substantial need of the materials in preparation of the parties case and that the party is unable, without undue hardship to obtain the substantial equivalent of the materials by other means." FED.R.CIV.P. 26(b)(3).

Plaintiff contends the Memo should be produced because it is a letter written by the County's Fire Department Human Resources Coordinator in response to Plaintiff's request for reasonable accommodation, and as material prepared to comply with regulatory requirements, is not considered to be in anticipation of litigation; Plaintiff contends that he never received a response to his request for reasonable accommodation prior to termination.

Although the County responds that the document is work product and was formalized into a formal response presented to Plaintiff on February 8, 2006 (Bates stamp 0005), the County has failed to show that the document was prepared in anticipation of litigation or that it qualifies as work-product.  There is no indication of who the recipient of the email – "Matt McGrew" is, for instance. The Motion to Compel Defendant to Produce Privilege Log Document (Doc. No. 21) is **GRANTED**.

Plaintiff also seeks to compel the County's response to his Interrogatory No. 4, which asked for "the essential functions of Plaintiff's job" as mentioned in the County's affirmative defense asserting that "any and all accommodation that were reasonable that would have enabled Plaintiff to

perform the essential functions of his job were or would have been provided by the defendant if requested." Doc. No. 22. The County initially responded that "Plaintiff had made only one request for accommodation, *i.e.*, that he be placed in the Training officer position for which he does not qualify. This request is not a reasonable accommodation request. As the Plaintiff alleged in his complaint, the County offered other positions for which Plaintiff would qualify, but Plaintiff refused to accept those accommodations." The County subsequently referred Plaintiff to the documents already produced (in response to Requests to Produce Nos. 7-10) and that "the position sought by Plaintiff required that he be a Lieutenant."

When the answer to an interrogatory may be derived from records produced, the responding party may specify the records from which the answer may be derived; the specification must be in sufficient detail to readily identify the records. FED.R.CIV.P. 33(d). On March 21, 2007, simultaneous with filing the Response to the Motion to Compel, the County served a supplemental response identifying documents bates stamped 5363-65; 5346; and 5576-5629. Such response should be sufficient to direct Plaintiff to the documents which identify the essential functions of his job. The County will be bound by this Response and barred from relying on any responsive documents or responses that it subsequently produces that it should have produced earlier, unless it can show good cause for the earlier incomplete production. *See* Fed. R. Civ. P. 37(a)(3), (c)(1). The Motion to Compel Defendant to Respond to Interrogatory (Doc. No. 22) is **DENIED** without prejudice as moot.

**DONE** and **ORDERED** in Orlando, Florida on March 29, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties