**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JEFFREY A. CHESAK,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:06-cv-1491-Orl-31DAB**

**ORANGE COUNTY GOVERNMENT,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO COMPEL DEFENDANT TO RESPOND TO DISCOVERY (Doc. No. 41)**
>
> **FILED:** **September 11, 2007**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

Plaintiff Jeffrey Chesak, proceeding *pro se*, sued Defendant Orange County (the "County") for disability discrimination in his employment as a paramedic. Plaintiff filed this Motion three days before the discovery deadline, seeking to compel the County's responses to requests for admission and interrogatories. Doc. No. 41.

Under the Federal Rules of Civil Procedure, a party is entitled to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. FED.R.CIV.P. 26(b)(1).

Plaintiff seeks to compel the County's responses to six requests for admissions concerning the job titles of certain employees, which the County uniformly denied because the "relevant time frame was undefined." Doc. No. 43. Rather than generating a debate about what the definition of "is" is, the County should either consult with Plaintiff as to the intended time or simply identify the most appropriate time or times, considering the issues in the case, and address the Requests accordingly.

Plaintiff also seeks to compel the County's responses to five Interrogatories, Numbers 3, 8, 12, 15, and 18. Interrogatory No. 3, asks for statements "taken from Defendant or taken on Defendant's behalf" relating to the litigation. The County objected to the Interrogatory as overbroad and protected by work-product and attorney-client privilege; notwithstanding the objection, the County stated that "any recorded statement in Defendant's possession were obtained from the related arbitration hearings." The County offered copies of the recorded statements to Plaintiff if he did not already have copies. The County also reasserted that it would supplement its answer with any statements that later became available. Plaintiff also objects to the County's response because it does not identify who and when key personnel were made aware of relevant issues and the extent of their involvement; however, Plaintiff did not ask for that information in the interrogatory, and the County's answer is sufficient.

In Interrogatory No. 8, Plaintiff sought the identity of each ability test given to the County's employees, and the identity of person's terminated based on the results for five years before Plaintiff was terminated. The County objected to the Interrogatory as overly broad and burdensome, not calculated to lead to the discovery of admissible evidence and calling for County employee medical information that is HIPAA protected. The County interpreted the "ability tests" in the Interrogatory as including, at a minimum, performance evaluations, physical and mental ability tests, medical

testings, and any other testing administered by the County or its agents relative to employment of personnel, covering thousands of employees. The County states it has provided information to Plaintiff relative to specific testing as sought elsewhere in Plaintiff's Requests to Produce. To the extent Plaintiff seeks more general information regarding the universe of the County's employee testing, he has not shown relevance or materiality to justify such a broad range of discovery.

Plaintiff's Interrogatory No. 12 asks the County to "state with particularity all facts" supporting the contention that "Plaintiff is not a qualified individual with a disability as defined by the Americans with Disabilities Act (ADA)." Because Plaintiff did not identify the position or positions for which Plaintiff believed he was qualified, the County responded that it could not formulate an accurate answer. The County points out that Plaintiff held numerous jobs with Orange County over the years of his employment.

Although Plaintiff did not designate which position he was inquiring about, the County has a duty under the Federal Rules of Civil Procedure to answer an interrogatory to the extent the request is not objectionable. *See* Fed.R.Civ.P. 33(b)(1) (each interrogatory shall be answered "to the extent the interrogatory is not objectionable"). The County contends that this Interrogatory "is merely an attempt to have defense counsel provide advice" or "defense theory" to Plaintiff "by outlining Plaintiff's job duties and responsibilities and stating which of those duties and responsibilities he was unable to perform." Doc. No. 43 at 10. Since the County specifically alleged in its Amended Answer that Plaintiff was not a "qualified" individual as construed by the ADA. *See also* Doc. No. 19 ¶ 30 (Amended Answer), the County should have narrowed the inquiry and responded to Interrogatory No. 12 with the reasons that it believes Plaintiff was not a qualified individual with a disability for the

-3-

position of EMS Training Coordinator, the last position he held before his termination as alleged in the Complaint. *See* Doc. No. 1 at 5 (Complaint).

The County has since filed a lengthy summary judgment motion based in part on the contention that "Plaintiff was not a qualified individual with a disability as construed by the Act." Doc. No. 49 at 25-28. The County contends in its summary judgment motion that under certain National Fire Protection Association standards that applied to the position, Plaintiff failed to meet the medical requirements of the position because he suffered from progressive muscular dystrophy. Doc. No. 49 at 26. A more elaborate response to Interrogatory 12 is therefore moot.

Interrogatory No. 15 asked the County to identify all lawsuits, administrative actions, and alternative dispute resolution proceedings where violations of the ADA were alleged against the County. The County objected to the Interrogatory as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. As written the Interrogatory is overly broad, but the County, once again, made no effort to narrow the scope of the Interrogatory rather than just objecting, arguing that the Interrogatory asked for lawsuits since the County's "inception." Other complaints and lawsuits for violations of the ADA involving the Fire department in the recent past may be calculated to lead to the discovery of admissible evidence concerning the County's affirmative defense that it has a policy against discrimination and procedure available for investigating complaints. The County is **ORDERED** to provide a listing (with the information sought in Interrogatory No. 15a.–d.) of all lawsuits, administrative actions, and alternative dispute resolution proceedings where violations of the ADA were alleged by firefighters against Orange County between January 1, 2001 and January 11, 2006.

The final response Plaintiff seeks to compel is to Interrogatory No. 18, which asks about the County's contentions relating to the reasonable accommodation it made for Plaintiff's disability. Evidence of an employer's attempts and ability to reasonably accommodate an employee is directly relevant to an employee's claims and a employer's defenses. *See, e.g., Woodman v. Runyon*, 132 F.3d 1330, 1334 (10th Cir. 1997) (under Rehabilitation Act, postal employee bore burden of proving that there were jobs available that employee's disability allowed him to do, with or without reasonable accommodation; employer's burden is to prove that accommodating employee was not possible or would pose undue hardship).  The County responded to Interrogatory No. 18 by listing four accommodations that were offered to Plaintiff.  Plaintiff argues that the County failed to specify the dates the accommodation was made and "why [the County believed] the accommodation was reasonable." The County contends that it has provided extensive documents[1] which provide the dates of accommodations offered to Plaintiff, and this issue appears moot.  Moreover, because Plaintiff waited to file his Motion to Compel until three days before the end of the extended discovery period (September 11, 2007; ripe on September 24, 2007) and within one month of the summary judgment deadline (October 1, 2007), the County has since filed a summary judgment motion which discusses in detail the dates and merits of the County's proposed reasonable accommodations.  Doc. No. 49 at 26-30.  Any further response to the interrogatory is therefore denied.

To the extent additional responses are required herein, the County shall provide them within 11 days of this Order.

**DONE** and **ORDERED** in Orlando, Florida on October 22, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] The County asserts that it has produced more than 16,000 pages of documents.  Doc. No. 43 at 14.

-6-

Copies furnished to:

Counsel of Record
Plaintiff Jeffrey Chesak